```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAMON TAYLOR,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
         -against-                      19-CV-5127(JS)(GRB)

VERA FLUDD, Sheriff and NASSAU
COUNTY CORRECTIONAL CENTER,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Damon Taylor, pro se
                    1900-3514
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

On September 6, 2019, incarcerated pro se plaintiff Damon Taylor ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), and the Nassau County Correctional Center (the "Jail" and together, "Defendants"). Plaintiff filed an application to proceed in forma pauperis with the Complaint. (See IFP Mot., D.E. 2.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons that follow, the Complaint is sua sponte DISMISSED

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief handwritten Complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff alleges that:[2]

> Camera(s) was placed in "strip search" area of the visiting room here at the Nassau County Correctional Center on or about June 12th, 2019. These camera(s) viewed and possibly recorder Petitioner naked during the "strip search" process once Petitioner completed his visits(s) on the following date(s): June 13th, June 17th, June 18th, June 20th, June 24th, July 1st, and July 3rd, all of these date(s) are of the year 2019.

(Compl. ¶ III.) In the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges that "[n]o physical injuries are being claimed" but he "has suffered from mental and emotional duress due to these violations of his human and civil rights." (Compl. ¶ IV.A.) As a result of the foregoing, Plaintiff seeks to recover an unspecified sum of "monetary damages and any other relief that this Court may deem just and proper."

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(Compl. at 6.)

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on

3

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the

Constitution of the United States." Rae v. Cnty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

A.  Claims Against Sheriff Fludd

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Fludd as a defendant in the caption of the Complaint, she is not again mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sheriff Fludd. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Sheriff Fludd in the conduct of which Plaintiff complains, Plaintiff's Section

1983 claims against Sheriff Fludd are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. Claims Against the Jail

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

1. Claims as Construed Against Nassau County

It is well-established that a municipality such as

Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and

7

widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, even as construed against Nassau County, the Complaint does not allege a plausible Section 1983 claim.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se

complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. As set forth above, a plausible Section 1983 claim requires that the challenged "conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." (See supra at 4, citing Rae, 2010 WL 768720, at *4 (additional citation omitted)). Here, Plaintiff complains that he was subjected to strip searches, which were viewed on camera and "possibly recorded", after visitation on eight occasions during June and July 2019. (Compl. ¶ III.) "Strip searches do not violate the Fourth Amendment if they are performed pursuant to policies that are 'reasonably related to legitimate penological interests.'" Lopez v. Phipps, 18-CV-3605, 2019 WL 2504097, at *4 (E.D.N.Y. June 17, 2019) (quoting Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 326, 132 S. Ct. 1510, 1515, 182 L. Ed. 2d 566 (2012)). A strip search is unconstitutional under the Fourth Amendment "if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish." Holland v. City of N.Y., 197 F. Supp. 3d 529, 542-43 (S.D.N.Y. 2016) (internal quotations and citation omitted).

Plaintiff's sparse allegations do not include any facts sufficient to show that the strip searches at issue were not legitimately related to penological interests or were designed to

9

harass or punish him. He simply asserts that the searches were conducted in view of cameras and were "possibly recorded." (Compl. ¶ III.) "[N]either the presence of cameras nor the presence of other inmates and employees of a correctional facility makes an otherwise constitutional strip search unconstitutional." Smith v. City of N.Y., 14-CV-5934, 2015 WL 3929621, at *2 (S.D.N.Y. June 17, 2015); see also Walker v. Ponte, 14-CV-8507, 2016 WL 4411415, at *4 (S.D.N.Y. Aug. 18, 2016) ("That the strip searches were carried out in front of cameras and other inmates does not counter [the legitimate security interest of discovering contraband].") (citations omitted); Peek v. City of N.Y., 13-CV-4488, 2014 WL 4160229, at *2 (S.D.N.Y. Aug. 18, 2014) (upholding the constitutionality of the use of a camera during a strip search procedure).

Because the defect in Plaintiff's claim against the Jail is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Jail and the Jail Departments is DENIED. However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the municipality, Nassau County, and/or any other Defendants in accordance with the guidance set forth above. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 19-CV-5127(JS)(GRB), and shall be filed within thirty

(30) days from the date of this Order. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against the Jail are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1) and Plaintiff's claims against Sheriff Fludd are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER. Any Amended Complaint shall be clearly labeled "Amended Complaint", and shall bear the same docket number as this Order, 19-CV-5127(JS)(GRB). Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

11

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:  January  9 , 2020
        Central Islip, New York

12